**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**AARON C. JOHNSON**                                                                              **PLAINTIFF**

**v.**                                                                 **CIVIL ACTION NO. 3:09CV-P123-H**

**YVONNE RENEE DUNN** *et al.*                                                              **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Aaron C. Johnson, a convicted inmate, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). As Defendants Plaintiff has sued in their individual capacities Yvone Renee Dunn, a previous girlfriend; her mother, Rose Dunn; Donna Quggins; and Quggins' unknown boyfriend. He has also sued the following jail officials in their official capacities only: Officer Jaggers; Nurse Brown; and Ben, an employee of Aramark Food Services. In a separate, handwritten attachment to the complaint Plaintiff also lists state court Judge Hon. Sheila Collins as a defendant. For the reasons that follow, the instant action must be dismissed.

**I. STANDARD OF REVIEW**

Because Plaintiff is a prisoner suing a governmental employee, this Court must review the instant action. 28 U.S.C. § 1915A. Upon review, this Court must dismiss the complaint or any portion thereof that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.

According to Plaintiff, the factual predicate of his claims is as follows:

> Well to start on this case, once I got caught or whatever the cops never once read me my rights and told me what I was being arrested for until we got downtown and told me that I was being arrested for 2 counts of burglary. I had know clue what the cop was talking about. But I will say once I was in the back seat of the cop car I played sleep and heard his saying to his other officers what they wanted to charge me with and there was three different ones, crim. tresp; fleeing and

evading then I heard the other I feel I was arrested unfairly and wasn't given a fair chance to prove nothing.

  I noted to police once we where out of the trailer where me and Ms. Dunn had live her mother struck me in the arm really for know reason and I said to the daughter you better get your mother, and I asked that her mother leave.  The daughter got upset and than said ok and said she was calling her step dad so we all was outside and then I seen the police so as you read she lie and brung the cops in this for nothing but to make a long story short she got away with my computer, 27 inch color T.V. and printer!  And she told Ms. Ali Blizzard my lawyer that she has the computer, 27 inch color T.V., printer and my vonage devise.  See I own my own business too and I let my lawyer know all these thangs I put all what I'm saying in a general motion pro se and I really not sure if I put that in the right place.  I have warranty on two of the three and if she's changed anything she wrong even tried to say where she took 100.00 of our rent money and get cocaine and didn't come home until 3:30 a.m. but I forgave her.  She liked pills and her sister would sneak and give it to her in my face but I was to blind to see anything coming.  I just to kind harded.  See I've been threw this to many since I've been with her the past three year.  But I know matter what she says I was wrong.  I'm in college and the courts didn't care about that at all.

  My last complaint is about c/o Jagger's and man nurse Brown see I got fired from the Airmark kitchen as I get upstairs.  I went threw the chain of commands and I asked to see the sgt.  At once c/o Jaggers took it on his own and said it was about the kitchen.  But I said I know I needed to see the sgt. He said OK but the sgt never came and I waited so then I asked for the nurse to make a long story short, I was depress and having a nervous brake.  Once the nurse got there 45 min last, I ever once said I was going to harm myself and I've seen others on the med floor as a work aid tell the the same and not get stripped naked but to top it all off I was put on my cell had bar's over the window and if I was going to do harm to myself then that cell was unafe but once again, I wasn't.  I had three c/o say I wasn't to be on that floor and if was cruel and unusual punishment and last sunday they moved me to admit seg for 5 hours than give me the story they wasn't to move me only the doctor was the one nurse brown shouldn't of never put me as I was going to harm myself and then put in seg which I was to be put on the 2 floor.  I was treated very unfair

  Last but least I was working in the kitchen and I was locked in the freezer for 25 mins Air mark staff was sitting at the desk but maybe she didn't know I was locked in there I'm anemick so ten more mins I would of passed out.  Head man Ben came in and I could see the clock and it was 6:15 and I didn't get out of the freezer until 6:20 or 6:25 am I didn't say nothing, because the inmates was trying to get me sent up and they got that done by lying and saying I called Air Mark Staff Alisha a bitch that was nuts because I wanted to be down there because 90 would of gave me 30 to 35 days off my sentence.

Plaintiff is seeking money damages, a revocation of his guilty plea, and work release so he can continue his on-line college courses.

### III.

Plaintiff brought suit under 42 U.S.C. § 1983. Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. It has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

**A.  The Dunns and Quigginses**

Plaintiff sues Yvone Renee Dunn, a previous girlfriend; her mother, Rose Dunn; Donna Quggins; and Quggins' unknown boyfriend. All of these individuals are private citizens. Plaintiff does not allege that they are in any way employed by the state. Only when private citizens act in concert with state officials may they be subjected to liability under 42 U.S.C. § 1983. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). To state a claim based on the existence of a conspiracy under § 1983, a plaintiff must plead "with some degree of specificity." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff has not offered any factual support or evidence upon which a conspiracy between these Defendants and the state could be based. At most, Plaintiff suggests that these Defendants provided the police false information that lead to Plaintiff's arrest. However, "the mere furnishing of information by a private party to a law enforcement official, even if the information is false, is not sufficient to constitute joint activity with State officials in prohibited action or to state a claim against a private party under § 1983." *Young v. Arkansas Children's Hospital*, 721 F. Supp. 197, 198 (E.D. Ark. 1989); *see also Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988) ("Police reliance in making an arrest on

information given by a private party does not make the private party a state actor."). Thus, because these Defendants are private actors, Plaintiff may not maintain a cause of action under § 1983 against them.

Plaintiff also appears to assert various state-law causes of action against these Defendants for destruction of his property. It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts do not have original jurisdiction over state law causes of action. However, a federal court may preside over state-law claims if there is diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between. . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). Plaintiff is seeking over $75,000.00 so the first requirement is met in this case. However, "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S.365, 373 (1978). Plaintiff alleges that he is a resident of Kentucky as well as the other Defendants. Consequently, Plaintiff cannot bring any state-law claims against these Defendants in this Court by way of the federal diversity statute.

The Court clarifies that this is in no way a determination that Plaintiff does not have valid state-law claims against these Defendants. Rather, the Court has simply determined that irrespective of the validity of Plaintiff's state-law claims, he cannot bring them in this Court. If Plaintiff desires to pursue his state-law claims further, he must bring them in state court.

**B.     C/O Jaggers, Nurse Brown, and Ben**

Plaintiff sued these Defendants in their official capacities only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official capacity claims against Defendants Jaggers, Brown, and Ben are, therefore, actually against the county. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a municipal policy or custom in causing his alleged harm. The incidents alleged appear to be isolated occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by the county, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Accordingly, the claims against Defendants Jaggers, Brown and Ben will be dismissed.

**C.      Defendant Judge Hon. Sheila Collins**

In a separate, handwritten attachment to the complaint Plaintiff also lists state court Judge Hon. Sheila Collins as a defendant. He explains in this attachment that he is seeking to withdraw his guilty plea and/or be permitted to serve his time while on work release so that he can finish

college. To the extent that Plaintiff seeks to sue Defendant Collins under 42 U.C.S. § 1983 because she allowed a guilty plea or sentenced him to something other than work release, his claims are barred under the doctrine of absolute judicial immunity. "Judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Decisions associated with accepting a guilty plea or sentencing a defendant fall squarely with the judicial function. As such, Defendant Collins is immune from suit.

Furthermore, to the extent that Plaintiff seeks to attack his conviction or modify his sentence, his sole federal remedy is a habeas action pursuant to 28 U.S.C. § 2254. Such an action may be pursued only after Plaintiff has exhausted his remedies in state court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Christopher v. Fuerst*, No. 97-3655,1998 U.S. App. LEXIS 9346 (6th Cir. May 5, 1998) ("To the extent Christopher sought injunctive relief, he could not use § 1983 to attack his conviction collaterally and thereby circumvent the 28 U.S.C. § 2254 requirement that he exhaust his available state court remedies before doing so.").

## IV.

Section 1367(c) of Title 28 of the United States Code provides: "The district courts may decline to exercise supplemental jurisdiction over a claim . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having

8

dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any state-law claims asserted in Plaintiff's complaint.

Date:

cc: Plaintiff, *pro se*
4412.008